**UNITED STATES ex rel. MARTINEZ v. LONGO et al.**

Civil Action No. 1836.

District Court, D. Connecticut.

July 3, 1946.

Joseph L. Shulman, of Hartford, Conn., for petitioner.

Adrian W. Maher, U. S. Atty., of Bridgeport, Conn., and Thomas J. Birmingham, Asst. U. S. Atty., of Hartford, Conn., for respondents.

SMITH, District Judge.

Petitioner is in custody under an order and warrant of deportation, ordering that he be returned to Spain, the country of his origin. He is a citizen of Spain who deserted from a Spanish merchant vessel on which he was serving as a merchant seaman in 1941. He last entered the United States from Argentina in November, 1941. Concededly, he is illegally in the United States and is subject to deportation under the Act of June 28, 1940, c. 439, Title II, section 20, 54 Stat. 671, 8 U.S.C.A. § 155.

The petitioner was ordered deported to Argentina but the Argentine government refuses to admit him and the present order of deportation, therefore, orders his deportation to Spain. Petitioner, by writ of habeas corpus, attacks the legality of his detention under the warrant of deportation.

Petitioner bases his argument for relief on two claims, first, that there was a lack of due process in that exceptions filed by his attorney to the order of deportation to Spain were not considered by the Board of Immigration Appeals. The record, Respondents' Exhibit A, however, shows that the exceptions were given consideration by the Board of Immigration Appeals but

were not considered sufficient ground for denial of the order of deportation.

The second claimed ground of the exceptions was a fear that petitioner would be subject to persecution because of his political beliefs if deported to Spain. The record shows, however, that petitioner had served three years in the armed forces of the present Spanish government and that he had no fear of persecution when questioned at a hearing in 1943 or at the time of a letter to the Attorney General of the United States later in 1943. The Board, therefore, had substantial evidence on which to base its conclusion that there was no genuine fear of persecution and there is shown no lack of due process by any failure of the Board to hear and consider petitioner's claims.

The fear of persecution is plainly an afterthought, seized upon as an excuse for remaining in the United States where living conditions are more favorable, which occurred to the petitioner only when hearing had been had and deportation proceedings were well under way against him.

Even if it is held that General Order C–26 Attorney General, December 31, 1940, Title 8, Code of Federal Regulations, 1941 Supp., Part 150, required the allowance of a reasonable time for the filing of exceptions and brief in a case of this nature, amendment of an order to change the country of destination, and if, under the circumstances of this case, three days should be held an unreasonably short time for such filing, this procedural defect was remedied here by the consideration of the substantive claims set forth in the exceptions, filed late, by the Board of Immigration Appeals. The Board was not required to wait indefinitely for brief or personal appearance of the petitioner's attorney and the Board must be held to have complied with the spirit of the statute and regulations and to have acted with fairness.

The petition for writ of habeas corpus is ordered dismissed, the writ heretofore issued is ordered discharged, and the petitioner remanded to the custody of the respondents.

Form of judgment in accordance with this opinion may be submitted forthwith.